UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ROGER HUTCHINSON and SHAYANA COLEY,

                            Plaintiffs,

          -against-

Police Officer VLADIMIR GARCIA, Shield No. 25020; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.     Plaintiffs demand a trial by jury in this action.

## PARTIES

6.     Plaintiff Roger Hutchinson ("Mr. Hutchinson") is a resident of Kings County in the City and State of New York.

7.     Plaintiff Shayanna Coley ("Ms. Coley") is a resident of Kings County in the City and State of New York.

8.     Defendant Police Officer Vladimir Garcia, Shield No. 25020 ("Garcia"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Garcia is sued in his individual and official capacities.

9.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10.    At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11.    At all times relevant herein, all individual defendants were acting under color of state law.

2

## STATEMENT OF FACTS

12. At approximately 2:00 p.m. on November 18, 2011, plaintiffs Roger Hutchinson and Shayanna Coley were lawfully in a vehicle in the vicinity of 1124 Lenox Road in Brooklyn, New York.

13. Defendants approached the vehicle.

14. Defendants opened the car door and grabbed Ms. Coley by her hair, dragging her out of the car and causing her to fall to the ground.

15. Defendants ordered plaintiffs to stand behind the vehicle.

16. Defendants did not have probable cause or reasonable suspicion to believe that plaintiffs had committed any crime or offense.

17. When Mr. Hutchinson asked why they were stopped, defendants screamed at plaintiffs.

18. Defendants assaulted and battered plaintiffs.

19. Mr. Hutchinson was beaten by defendants, including with a baton.

20. Defendants dragged Ms. Coley by her hair and arms across the sidewalk as her pants came down exposing her bottom.

21. Plaintiffs were taken to a police precinct.

22. Mr. Hutchinson was bleeding and visibly injured and asked for medical attention, but defendants refused to allow him to receive medical assistance.

23. At the precinct the officers falsely informed employees of the Kings

County District Attorney's Office that plaintiffs had, *inter alia*, committed the crimes of assault, criminal mischief and resisting arrest and prepared false paperwork to that effect, including arrest reports.

24. Plaintiffs were taken to Brooklyn Central Booking.

25. After repeated requests, Mr. Hutchinson was taken to Bellevue Hospital from Central Booking. Following treatment, Mr. Hutchinson was returned to Central Booking.

26. On or about November 19, 2011, Ms. Coley was arraigned in Kings County Criminal Court and released on her own recognizance.

27. On or about November 19, 2011, Mr. Hutchinson was arraigned in Kings County Criminal Court, where bail was set at approximately $2,500.

28. Because Mr. Hutchinson could not make bail, he was taken to Riker's Island.

29. After approximately three days in custody, Mr. Hutchinson was released.

30. On or about June 12, 2012, after making approximately five court appearances, all charges against Mr. Hutchinson were dismissed.

31. On or about June 13, 2012, the criminal charges against Ms. Coley were adjourned in contemplation of dismissal.

32. Plaintiffs suffered and continue to suffer damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional

distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputations.

## FIRST CLAIM
### Unlawful Stop and Search

33. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

35. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

36. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

37. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

38. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

39. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

40. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff Roger Hutchinson under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

41. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff Roger Hutchinson constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

42. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Unreasonable Force

43. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

6

44. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

45. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

46. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

47. The individual defendants created false evidence against plaintiffs.

48. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

49. In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

50. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Deliberate Indifference to Medical Needs

51. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

52. The individual defendants were aware of a risk to plaintiffs' safety and a need for medical care and failed to act in deliberate indifference to plaintiffs' needs.

53. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiffs' medical needs and safety.

54. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

55. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

56. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

57. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

58. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   March 15, 2013
         New York, New York

HARVIS WRIGHT
SALEEM & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwsflegal.com

*Attorney for plaintiffs*